IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 JUL 12 P 5: 27

| | |
|---|---|
| Timothy L. Worthy, as Personal Representative of the Estate of Jesse Worthy,<br><br>Plaintiff,<br><br>-versus-<br><br>Jo Anne B. Barnhart, Commissioner of Social Security,<br><br>Defendant. | C. A. No. 2:04-22914-RBH-RSC<br><br><br><br><br>**O R D E R** |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District on consent of the parties. 28 U.S.C. 636(c).

The plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, respectively.

## ADMINISTRATIVE PROCEEDINGS

On January 2 and January 10, 2002, the plaintiff filed applications for supplemental security income benefits and disability insurance benefits, respectively, under protective filing date of December 17, 2001, alleging that he became unable

to work on November 15, 2001, due to diabetes, heart problems, defective vision, and depression. The applications were denied initially and on reconsideration by the Social Security Administration. On February 14, 2003, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff, appeared with counsel, and Benson Hecker, a vocational expert, considered the case de novo, and on May 26, 2004, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. The administrative law judge's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on October 15, 2004.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the administrative law judge:

> 1. The claimant met the nondisability requirements set forth in Section 216(i) of the Social Security Act as of November 15, 2001, and he will remain insured through December 31, 2007 (20 CFR 404.130).
>
> 2. The claimant has not engaged in substantial gainful activity at any time, as of November 15, 2001, through the date of this decision. The earnings posted to the claimant's record after November 15, 2001, which represent 6 months of short-term disability payments from his last employer, are not considered substantial gainful activity (20 CFR 404.1510, 20 CFR 404.1520(b), 20 CFR 404.1572, 20 CFR 416.910, 20 CFR 416.920(b), and 20 CFR 416.972).
>
> 3. The claimant's medically determinable impairments considered "severe" under the Social Security Act and Regulations are: history of

occipital lobe cerebrovascular accident with left visual field cut; hypertension; diabetes mellitus. Any other impairment in functioning the claimant has claimed he has, or has had, is considered not medically determinable and/or "not severe" (20 CFR 404.1520(c), 20 CFR 404.1520a-20 CFR 404.1523, 20 CFR 416.920(c), and 20 CFR 416.920a-20 CFR 416.923).

4. The claimant's impairments are not attended, either singly, or in combination, with the specific clinical signs and diagnostic findings required to meet or equal the requirements set forth in the Listing of Impairments (Appendix 1 to Subpart P, 20 CFR, Part 404) (20 CFR 404.1520(d), 20 CFR 404.1525-20 CFR 404.1526, 20 CFR 416.920(d), and 20 CFR 416.925-20 CFR 416.926).

5. The claimant's allegations regarding his limitations and restrictions are found not credible for the reasons set forth in the body of the decision (20 CFR 404.1527-20 CFR 404.1529, and 20 CFR 416.927-20 CFR 416.929).

6. All medical opinions contained in the record regarding the severity of the claimant's impairments have been considered (20 CFR 404.1527-20 CFR 404.1529, and 20 CFR 416.927-20 CFR 416.929).

7. The claimant has retained the residual functional capacity to perform a range of light to medium work, to include the following: he can sit/stand/walk 6 of 8 hours; he can lift 50 pounds occasionally and 25 pounds frequently; he can climb, balance, stoop, kneel, crouch, or crawl occasionally; he should not work at unprotected heights; he can do no heavy machinery work, or drive motor vehicles; he cannot work at jobs which require fine visual acuity and frequent reading; he does not have full peripheral vision; he is limited to unskilled jobs (20 CFR 404.1529, 20 CFR 404.1545, 20 CFR 404.1567, CFR 416.929, 20 CFR 416.945, 20 CFR 416.967).

8. The claimant has not retained the ability to meet the demands of his past relevant work (20 CFR 404.1520(e), 20 CFR 404.1560, 20 CFR 404.1565, 20

CFR 416.920(e), 20 CFR 416.960, and 20 CFR 416.965).

9. The claimant, who was born on February 11, 1951, was 50 years of age (approaching advanced age, 50-54) as of November 15, 2001, and has attained 53 years of age (approaching advanced age, 50-54) (20 CFR 404.1563 and 20 CFR 416.963).

10. The claimant completed a 12th grade high school education (20 CFR 404.1564 and 20 CFR 416.964).

11. The claimant worked in the past as a forklift operator, and has a low semi-skilled work background, but he has acquired no skills from his past relevant work, which are transferable to other jobs within his residual functional capacity (20 CFR 404.1565, 20 CFR 404.1567-CFR 404.1568, 20 CFR 416.965 and 20 CFR 416.967-20 CFR 416.968).

12. Considering all the claimant's limitations, the claimant, who cannot meet the demands of his past relevant work, can perform other jobs which exist in significant numbers in the national economy, such as security guard and light janitorial (non-industry) jobs, as cited in the impartial vocational expert's testimony. A finding of "not disabled" is reached (20 CFR 404.1545-20 CFR 404.1569a, and 20 CFR 416.945-20 CFR 416-969a).

13. The claimant has not been under a "disability," as defined by the Social Security Act and Regulations, at any time through the date of this decision (20 CFR 404.1520(f) and 20 CFR 416.920(f)).

(Tr. 26-27).

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a

4

disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988)

(citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)).

The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that her conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). However, if there is substantial evidence to support the decision of the Secretary, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

Upon oral argument, the plaintiff urged that the instant case be remanded to the Commissioner to obtain a medical expert opinion of whether the plaintiff's combination of physical and mental impairments met or equaled a Listing of Impairments as required under Ruling 96-6p. The defendant did not disagree.

Disability may be determined with reference to a Listing of Impairments contained in regulations promulgated by the Commissioner. A claimant may be found disabled if his impairment

or impairments have specific clinical findings that are the same as those for any listed impairment or are medically equivalent to those for any listed impairment.

Social Security Ruling 96-6p provides that the administrative law judge must obtain an updated medical opinion from a medical expert on the issue of medical equivalency when additional medical evidence is received and, in the administrative law judge's opinion, the evidence "may change the State agency medical or psychological consultants finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments."

Here, the psychological examination from Dr. Luther Diehl indicated that the plaintiff suffered from a late onset of dysthymic disorder with anxiety features and mild retardation with passive dependent personality traits as well as an IQ of 63. (Tr. 323). Additionally, Dr. Diehl opined that the plaintiff had a Global Assessment Functioning score of 45[1] and that he met or equaled the Listings of mental impairments.

Despite the complete absence of any other psychological evidence, the administrative law judge wrote, "I disagree with Dr. Diehl's opinion that the clinical criteria of Listing 12.04

---

[1] A score of 45 on the GAF scale indicates that there are serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) and that there is a serious impairment in social, occupational or school functioning (e.g., no friends, unable to keep a job).

are met, because there has not been the longitudinal history of the condition and treatment required by the listing. ... I disagree with Dr. Diehl's opinion that the clinical criteria of Listing 12.05 are met." (Tr. 23). This was error. The administrative law judge may not arbitrarily substitute his own judgment for a physician's competent medical opinion. See, e.g., Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996) (administrative law judge cannot "play doctor"); Barringer v. Commissioner of Social Sec., 358 F.Supp. 2d 67 (N.D.N.Y., 2005); Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999); quoting McBrayer v. Sec'y of Health & Human Servs., 712 F.2d 795, 799 (2d Cir. 1983)).

Listing 12.05 indicates, "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."

Additionally the plaintiff must show he had a valid verbal, performance, or full scale IQ of 59 or less or a valid IQ score of 60 through 70 and a "physical or other mental impairment imposing additional and significant work-related limitations of function." 20 CFR Pt. 404, Subpart P, App. 1. Here, the plaintiff presented evidence of a valid IQ score between 60 and 70, and a physical or other mental impairment imposing additional

and significant work-related limitations of function. Since I.Q. is presumed to be a life long constant absent some intervening cause, Colvard v. Chater, 159 F.3d 165 (4th Cir. 1995), Luckey v. Dept. of H.H.S., 890 F.2d 666, 668-669 (4th Cir. 1989), Branham v. Heckler, 775 F.2d 1271, 1274 (4th Cir. 1985), a medical expert opinion of whether the plaintiff's combination of physical and mental impairments met or equaled a Listing of Impairments must be obtained.

The administrative law judge also erroneously concluded that the plaintiff could perform non-industry jobs, such as security guard and light janitorial work even though he found that the plaintiff was unable to drive motor vehicles and unable to work at jobs which required fine visual acuity and frequent reading. (Tr. 24-26). An eye examination, by Dr. Weeks on December 19, 2002, showed that the plaintiff's right eye had a visual acuity of 20/80 with best correction, and that his left eye had a visual acuity of 20/400 with best correction. The plaintiff was diagnosed with minimal diabetic retinopathy and visual field abnormality by Dr. Weeks. (Tr. 22). The administrative law judge's conclusion that the plaintiff could perform the aforementioned jobs is not supported by substantial evidence.

## CONCLUSION

Pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision

9

with remand in Social Security actions under sentence four of §§205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§405(g) and 1383(c)(3), it is ordered that the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§405(g) and 1383(c)(3), with a remand of the cause to the Commissioner for further proceedings consistent with this opinion and to allow the plaintiff to submit additional evidence. See Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991). The Clerk of Court will enter a separate judgement pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

ROBERT S. CARR
UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina
July 12, 2005